IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REGINALD BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 15-00148-CG-C |
| | ) |
| WESTROCK SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the Motion to Tax Costs (Doc. 44) and Bill of Costs (Doc. 45) filed by WestRock Services, Inc. ("Defendant"). For the reasons set forth herein, Defendant's motion to tax costs is due to be **GRANTED**.

The Court granted summary judgment to Defendant and dismissed Reginald Bell's ("Plaintiff") pro se claims with prejudice. (Docs. 42 & 43). Defendant filed the current motion seeking remuneration for deposition and photocopying costs. (Doc. 44, pp. 2-3). Defendant requests $895.10 for transcripts of Plaintiff's deposition and the court reporter fee as well as $436.25 for "preparing copies of documents to produce during the course of discovery, as exhibits to Plaintiff's deposition and to submit as exhibits in support of Defendant's motion for summary judgment in defending this case," for a total of $1,331.35. Id. at 2-4. Defendant's counsel submitted an affidavit supporting these costs. (Doc. 44-1). Plaintiff did not respond.

Rule 54(d)(1) of the Federal Rules of Civil Procedure states, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than

attorney's fees—should be allowed to the prevailing party." Outside of explicit statutory authorization, the following is a comprehensive list of allowable costs:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920 (2012). Plaintiff has the burden of showing that the costs claimed by Defendant are not taxable. See Nationwide Mut. Ins. Co. v. Nall's Newton Tire, Civ. Action No. 14-110-CG-M, 2015 WL 8207478, at *5 (S.D. Ala. Dec. 7, 2015).

Deposition costs are included in § 1920(2). See EEOC v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000). Costs associated with deposition transcripts are taxable only if the deposition was necessary for use in the case. Id. at 620-21. Deposition costs are not taxable if "'merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only.'" Id. at 620 (quoting Goodwall Constr. Co. v. Beers Constr. Co., 824 F. Supp. 1044, 1066 (N.D. Ga. 1992)).

Defendant's counsel certifies that the deposition of Plaintiff was "necessary to Defendant's defense" and that the testimony "was used by the Defendant in support of its position on summary judgment." (Doc. 44-1, p. 3). Indeed, Defendant cited to the deposition throughout its motion for summary judgment. (Doc. 33, pp. 3-16, 20, 22-24, 26, 29-30). The Court finds that the deposition was necessary for use by Defendant, and thus the costs of the deposition are taxable against Plaintiff.

Photocopying costs are included in § 1920(4). In determining whether to award copying costs, "the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." W&O, Inc., 213 F.3d at 623. The Eleventh Circuit has held that costs associated with producing documents in discovery are taxable. Id. Defendant's counsel declares that the copying costs were incurred "in preparing and obtaining discovery and in preparing and serving pleadings of Plaintiff in this case," including copies of documents made to respond to Plaintiff's interrogatories and requests for production of documents. (Doc. 44-1, p. 3). The Court finds that the photocopies were necessary for use by Defendant, and therefore the copying costs are recoverable.

The costs claimed by Defendant are taxable against Plaintiff under 28 U.S.C. § 1920. Accordingly, Defendant's motion to tax costs in the amount of **$1,331.35** is hereby **GRANTED**.

**DONE** and **ORDERED** this 22nd day of August, 2016.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE